**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| STANLEY RAY WINSTON, | ) | |
| | ) | |
| Petitioner, | ) | Criminal No. 1:13-cr-48 |
| v. | ) | Civil No. 1:16-cv-706 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Stanley Ray Winston's (Petitioner's) Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On June 21, 2013, a jury found Petitioner guilty of the following counts of the Second Superseding Indictment: (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); (2) Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951(a) (Counts Two-Four); (3) armed robbery of a credit union, in violation of 18 U.S.C. §§ 2 and 2113(a) and (d) (Count Five); (4) using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A) (Counts Six-Eight); and (5) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Ten).

1

All of Petitioner's charges in the Second Superseding Indictment stemmed from his participation in the December 7, 2012 armed robbery of VVM, Inc.; the December 9, 2012 armed robbery of the Shoppers grocery store, and the December 22, 2012 armed robbery of the Navy Federal Credit Union.  Count Eight—using, carrying, and brandishing a firearm—was predicated on the December 22, 2012, interference with commerce by robbery and armed robbery of the Navy Federal Credit Union, as charged in Counts Four and Five of the Second Superseding Indictment. Petitioner was sentenced to a total of 720 months imprisonment.[1] On March 11, 2015, the Fourth Circuit affirmed Petitioner's conviction.  On October 5, 2015, the Supreme Court denied certiorari.

On June 21, 2016, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 as to Counts Six, Seven, and Eight.  Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to

---

[1] The Court sentenced Petitioner to a term of 60 months on Counts One through Five, and Ten to run concurrently, followed by 60 months (consecutive) on Count Six, 300 months (Consecutive) on Count Seven, and 300 months (consecutive) on Count Eight.

collateral attack.  28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962).

The Petitioner challenges his convictions on Counts Six, Seven, and Eight, for using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  The Petitioner's underlying crimes of violence for Counts Six, Seven, and Eight were Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and armed robbery of a credit union, in violation of 18 U.S.C. §2113 (a) and (d). "Crime of violence," for the purposes of § 924(c)(1) is an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3).  Subsection (A) is the force clause, and subsection (B) is the residual clause.  The Petitioner argues that Hobbs Act robbery fails to qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A), the force clause; and that Hobbs Act robbery cannot qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(B), the residual clause, because that clause is analogous to the one declared void in Johnson v. United States, 135 S. Ct. 2251 (2015).  In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act

of 1984 ("ACCA"), in 18 U.S.C. § 924(e)(2)(B)(ii), because it was unconstitutionally vague. 135 S.Ct. at 2563.

The Petitioner's arguments fail as to Counts Six and Seven because the predicate crime of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), is categorically a crime of violence under the force clause of § 924(c)(3). The Petitioner argues that Hobbs Act robbery does not qualify as a crime of violence because it can be violated without the use, attempted use, or threatened use of violent physical force. For instance, Petitioner argues, violation of the statute may result from future threats to intangible property—which falls outside the scope of "violent physical force to persons or property." The statute, he contends, may also be violated by placing another in fear of injury without using violent force by withholding medicine or food, which is not "violent force."

However, robbery crimes are categorically crimes of violence, and the definition of Hobbs Act robbery tracks the definition of common-law robbery. See United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995); United States v. McDaniels, 147 F. Supp. 3d 427, 434 (E.D. Va. 2015). Moreover, this court has consistently found that Hobbs Act robbery is a "crime of violence" under the force clause. See, e.g., Brown v. United States, 163 F. Supp. 3d 315, 316 (E.D. Va. 2016); United States v. Walker, 2016 WL 153088 (E.D. Va. 2016); United States v.

4

Standberry, 139 F. Supp. 3d 734, 740 (E.D. Va. 2015); see also McDaniels, 147 F. Supp. at 434 ("Ample case law confirms the conclusion that Hobbs Act robbery can serve as a crime of violence[.]"). The Petitioner's arguments do not warrant departure from this case law. As a result, Hobbs Act robbery can serve as a crime of violence pursuant to the Force Clause because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In addition, the Petitioner's convictions do not implicate the ACCA and its residual clause in § 924 (e)(2)(B)(ii), and the court declines to extend Johnson to hold that the residual clause in the definition of "crime of violence" in § 924(c)(3) is unconstitutionally vague. In fact, the issue need not be reached here because, as noted above, Hobbs Act robbery is categorically a crime of violence pursuant to the Force Clause of § 924(c)(3)(A).

Furthermore, the Petitioner's challenge to Count Eight fails because armed robbery of a credit union is also a crime of violence under the § 924(c)(3) force clause. Count Eight of the Second Superseding Indictment is predicated on counts Four and Five. Count Five charged the armed robbery of a credit union, in violation of 18 U.S.C. § 2113(a) and (d). Bank robbery is a lesser-included offense of § 2113(d) armed bank robbery, so

armed bank robbery is also a crime of violence under the force clause.  United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016).  For the aforementioned reasons, this Court finds Petitioner's claims do not entitle him to § 2255 relief. Therefore, Petitioner's motion should be denied.

    An appropriate order shall issue.



                                        _Claude M. Hilton_
                                        CLAUDE M. HILTON
                                        UNITED STATES DISTRICT JUDGE


Alexandria, Virginia
October _18_ , 2016